UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAMILLE THERIOT SCHAFER, ET AL | CIVIL ACTION |
| VERSUS | NO. 23-1387 |
| KEVIN DARR, M.D., ET AL | SECTION : L (2) |

**ORDER AND REASONS**

Pending before the Court is Defendant Kevin Darr's motion pursuant to Federal Rule of Civil Procedure 12(b)(6), R. Doc. 10, to dismiss Plaintiffs Camille Theriot and Caroline Schafer's claims against him for failure to state a claim upon which relief can be granted. Plaintiffs oppose the motion. R. Doc. 12. Having considered the briefings and the applicable law, the Court rules as follows.

I. BACKGROUND

This case arises out of the alleged negligence, gross negligence, and medical malpractice of Defendants AVALA Hospital ("AVALA"), Dr. Kevin Darr, Mr. Charles Peacock, and Dr. Jeffrey Boyne, which allegedly caused the death of Thomas E. Schafer, IV, the husband of Plaintiff Camille Theriot Schafer and the father of Plaintiff Caroline Schafer. R. Doc. 1 at 4-5. Plaintiffs are citizens of Mississippi. *Id.* at 2. AVALA is an LLC organized in the state of Louisiana. *Id.* Defendants Dr. Darr, Mr. Peacock, and Dr. Boyne are citizens of Louisiana. *Id.* The amount in controversy exceeds $75,000. *Id.*

In their complaint, Plaintiffs allege that, on the morning of July 21, 2020, Mr. Schafer was admitted at AVALA for a routine right hip replacement surgery to be performed by Defendant Dr. Darr, an orthopedic surgeon. *Id.* at 4. Defendant Mr. Peacock was the presiding nurse anesthesiologist. *Id.* at 14. Plaintiffs allege that Mr. Peacock improperly administered medication including Diprivan and Fentanyl to Mr. Schafer, which led to a critical decline in Mr.

1

Schafer's heart rate. *Id.* at 15. When Mr. Peacock informed Dr. Darr at some point during the surgery that Mr. Schafer did not have a pulse, Plaintiffs allege that Dr. Darr failed to follow the proper "coding" procedure set by AVALA. *Id.* at 13-14. Further, Plaintiffs argue that Dr. Darr continued to operate on Mr. Schafer instead of preparing him for CPR. *Id.* at 14.

Defendant Dr. Boyne, an anesthesiologist, was summoned to the operating room at some point after Mr. Schafer flatlined. *Id.* at 16. Plaintiffs alleged that Dr. Boyne failed to discontinue the flow of Diprivan until approximately twenty-five to thirty minutes after the first episode of asystole (flatline) and was slow to intubate Mr. Schafer and begin chest compressions. *Id.* Plaintiffs allege that Dr. Boyne erroneously believed Mr. Schafer had a pulmonary embolism, instead of realizing his asystole was medically induced. *Id.* According to Plaintiffs, neither Dr. Boyne nor Mr. Peacock administered Narcan to Mr. Schafer when the crash cart arrived at the operating room. *Id.* at 15-16. Mr. Schafer allegedly suffered a substantial brain injury and died ten days later. *Id.* at 4.

On January 25, 2021, Plaintiffs requested the formation of a Medical Review Panel ("the Panel"). *Id.* at 5. On March 15, 2021, after reviewing evidence, the Panel released the following opinions: (1) All panelists agreed Dr. Darr did not breach the applicable standard of care; (2) All panelists agreed Mr. Peacock breached the applicable standard of care; (3) The panelists were split as to whether Dr. Boyne breached the applicable standard of care; (4) All panelists agreed AVALA did not breach the applicable standard of care. *Id.* at 5-6.

Plaintiffs, in part, contest the findings of the Panel because it applied "gross negligence" as an applicable standard of care pursuant to La. R.S. 29:771(B)(2)(c)(i), a Louisiana statute that only holds health care providers to a "gross negligence" or "willful misconduct" standard for injury or deaths they cause during a public health emergency. *Id.* at 6. Because Mr. Schafer's operation occurred during the COVID-19 public health emergency, the

statute is applicable. *Id.* at 8. Plaintiffs, however, argue in their Complaint that the statute is unconstitutional under both the Louisiana and United States Constitutions. *Id.* at 9.

## II. PRESENT MOTION

In his Motion to Dismiss, Defendant Dr. Darr argues that Plaintiffs have not plead sufficient facts to plausibly assert a gross negligence claim, relying instead on several conclusory statements. R. Doc. 10 at 1, 7. Further, Dr. Darr alleges that Plaintiffs' constitutional challenge is not relevant for purposes of his 12(b)(6) motion, while launching a series of arguments as to why the statute is constitutional. *Id.* at 8-11.

In response, Plaintiffs argue that they have alleged facts sufficient to state a plausible claim of gross negligence against Dr. Darr. R. Doc. 12 at 15. Plaintiffs also dedicate a significant amount of their opposition to substantively arguing the constitutionality of the statute. *Id.* at 5-15.

## III. APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual

inferences, or legal conclusions." *Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

## IV. DISCUSSION

The parties each apportion a significant amount of their 12(b)(6) briefings to a discussion of the constitutionality of La. R.S. 29:771(B)(2)(c)(i). In adjudicating a 12(b)(6) motion, however, this Court is not tasked with deciding questions of substantive law. Instead, the only relevant question is whether Plaintiffs have alleged enough facts to plausibly support their claims for relief. *Twombly*, 550 U.S. at 570.

In their Complaint, Plaintiffs allege the following relevant facts: (1) Dr. Darr was the orthopedic surgeon who operated on Mr. Schafer; (2) Dr. Darr was unaware of AVALA's "code" procedure and had never attended any meetings or participated in any code training; (3) Upon learning Mr. Schafer did not have a pulse at some point during the operation, Dr. Darr directed a nurse to get Dr. Boyne, an anesthesiologist, instead of following the correct code procedure; and (4) Dr. Darr continued operating on Mr. Schafer rather than preparing him for CPR. R. Doc. 1 at 4, 13-14, 16. These facts create a reasonable inference that Plaintiffs have plausibly stated a claim for gross negligence, notwithstanding the constitutionality of La. R.S. 29:771(B)(2)(c)(i). *Twombly*, 550 U.S. at 570. Accordingly, dismissal under Rule 12(b)(6) is improper.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED**.

_____
United States District Judge