UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAMILLE THERIOT SCHAFER, ET AL | CIVIL ACTION |
| VERSUS | NO. 23-1387 |
| KEVIN DARR, M.D., ET AL | SECTION : L (2) |

**ORDER AND REASONS**

Pending before the Court is a motion filed by Plaintiffs Camille and Caroline Schafer: a Motion *in limine* to Bar Any Evidence of or Reference to the Medical Review Panel's Opinion Regarding Gross Negligence, R. Doc. 27. No defendant opposes the Motion *in limine*. Having considered the briefings, the Court rules as follows.

I.   BACKGROUND

This case arises out of the alleged negligence, gross negligence, and medical malpractice of Defendants AVALA, Dr. Kevin Darr, Mr. Charles Peacock, and Dr. Jeffrey Boyne, which allegedly caused the death of Thomas E. Schafer, IV, the husband of Plaintiff Camille Theriot Schafer and the father of Plaintiff Caroline Schafer. R. Doc. 1 at 4-5. Plaintiffs are citizens of Mississippi. *Id.* at 2. AVALA is an LLC organized in the state of Louisiana. *Id.* Defendants Dr. Darr, Mr. Peacock, and Dr. Boyne are citizens of Louisiana. *Id.* The amount in controversy exceeds $75,000. *Id.*

In their complaint, Plaintiffs allege that, on the morning of July 21, 2020, Mr. Schafer was admitted at AVALA for a routine right hip replacement surgery to be performed by Dr. Darr, an orthopedic surgeon. *Id.* at 4. Mr. Peacock was the presiding nurse anesthesiologist. *Id.* at 14. Plaintiffs allege that Mr. Peacock improperly administered medication including Diprivan and Fentanyl to Mr. Schafer, which led to a critical decline in Mr. Schafer's heart rate. *Id.* at 15. When Mr. Peacock informed Dr. Darr at some point during the surgery that Mr. Schafer did not have a

1

pulse, Plaintiffs allege that Dr. Darr failed to follow the proper "coding" procedure set by AVALA. *Id.* at 13-14. Further, Plaintiffs argue that Dr. Darr continued to operate on Mr. Schafer instead of preparing him for CPR. *Id.* at 14.

Dr. Boyne, an anesthesiologist, was summoned to the operating room at some point after Mr. Schafer flatlined. *Id.* at 16. Plaintiffs alleged that Dr. Boyne failed to discontinue the flow of Diprivan until approximately twenty-five to thirty minutes after the first episode of asystole (flatline) and was slow to intubate Mr. Schafer and begin chest compressions. *Id.* Plaintiffs allege that Dr. Boyne erroneously believed Mr. Schafer had a pulmonary embolism, instead of realizing his asystole was medically induced. *Id.* According to Plaintiffs, neither Dr. Boyne nor Mr. Peacock administered Narcan to Mr. Schafer when the crash cart arrived at the operating room. *Id.* at 15-16. Mr. Schafer allegedly suffered a substantial brain injury and died ten days later. *Id.* at 4.

On January 25, 2021, Plaintiffs requested the formation of a Medical Review Panel ("the Panel"). *Id.* at 5. On March 15, 2021, after reviewing evidence, the Panel released the following opinions about each defendant individually: (1) All panelists agreed Dr. Darr did not breach the applicable medical standard of care; (2) All panelists agreed Mr. Peacock breached the applicable medical standard of care; (3) The panelists were split as to whether Dr. Boyne breached the applicable medical standard of care; (4) All panelists agreed AVALA did not breach the applicable standard of care. *Id.* at 5-6. Additionally, all panelists agreed that the conduct of all the defendants did not constitute gross negligence or willful misconduct. R. Doc. 27-2 at 9.

Plaintiffs, in part, contest the findings of the Panel because it applied "gross negligence" as an applicable standard of care pursuant to La. R.S. 29:771(B)(2)(c)(i), a Louisiana statute that only holds health care providers to a "gross negligence" or "willful misconduct" standard for injury or deaths they cause during a public health emergency. R. Doc. 1 at 6. Because Mr. Schafer's operation occurred during the COVID-19 public health emergency, the statute is

applicable. *Id.* at 8. Plaintiffs, however, argue in their Complaint that the statute is unconstitutional under both the Louisiana and United States Constitutions. *Id.* at 9.

On June 2, 2023, defendant Dr. Kevin Darr filed a Motion to Dismiss for Failure to State a Claim. On October 3, 2023, the Court denied the motion. On November 28, 2023, Plaintiffs filed the instant motion.

## II.   PRESENT MOTION

In their Motion, Plaintiffs request that this Court disregard the medical review panel's opinion on whether any of the defendants acted with gross negligence in the underlying incident pursuant to a recent Louisiana Supreme Court decision. R. Doc. 27-1 at 2. They argue that while the Panel's opinion on the appropriate standard medical care is admissible, with regard to each defendant, conclusions on whether the defendants acted with gross negligence are best left up to the fact finder to resolve. *Id.* at 2-3. Accordingly, they pray that the Court grant this motion *in limine*. *Id.* at 3. No defendant opposes this motion.

## III.   LAW AND ANALYSIS

Plaintiff argues that pursuant to *Sebble v. St. Luke's #2, LLC*, the medical review panel's opinion on whether the defendants acted with gross negligence when responding to the decedent's code should be barred. 2023-00483 (La. 10/20/23) ---So.3d--- WL 6937352. The Court agrees.

In that case, the court explained that in medical malpractice litigation, there are two standards of care that are taken into consideration: a medical standard and a legal standard. *Id.* at 8. It further noted that medical review panels are "only qualified to render an opinion based on the medical standard of care." *Id.* at 9. The court provided that determinations on legal standards of care such as "whether the defendant health care provider's conduct was grossly negligent" is a duty "left to the trier of fact, lay persons, who consider all of the evidence, including the medical review panel's opinion." *Id.* Simply put, "a finding by a medical review panel that there was a

3

breach in the standard of care is a 'baseline' determination; the degree of that breach is a judicial determination by the trier of fact." *Id.*

Here, the Panel rendered findings on whether the defendants individually met the appropriate standard of medical care. Additionally, the Panel issued an opinion on whether the defendants' acts rose to the level of gross negligence. R. Doc. 27-2. Considering the Lousiana Supreme Court's recent ruling, the Court finds that the latter of these two sets of opinions was impermissible. Further, none of the defendants oppose the Plaintiffs' motion to exclude the Panel's opinion on gross negligence. Accordingly, the Court will bar the defendants from introducing any evidence on the Panel's conclusions of gross negligence as it pertains to this incident. It follows, however, that the defendants are permitted to introduce evidence on whether any of them individually breached the standard of medical care.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion *in limine*, R. Doc. 27, is **GRANTED**.

New Orleans, Louisiana, this 20th day of December, 2023.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　United States District Judge